UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                    Case No: 8:20-mj-1657-T-AAS[1]

**JONATHAN DAVID GRENON**
**JORDAN PAUL GRENON**                    /

**ORDER OF DETENTION PENDING TRIAL**

Upon the government's oral motions for detention as to both Jonathan Grenon and Jordan Grenon (Doc. 9) and the defendants' oral motions for release (Doc. 10), the court held a detention hearing under 18 U.S.C. § 3142(a) & (f) and concluded detention is warranted. More specifically, the following facts require the detention of both these defendants pending trial in this case.

As an initial matter, after a preliminary hearing, the court concluded there is probable cause to believe that the defendants have committed the following offenses: conspiracy to defraud the United States and to deliver misbranded drugs, in violation of 18 U.S.C. § 371; and criminal contempt, in violation of 18 U.S.C. § 401(3).

The government moves for detention under 18 U.S.C. § 3142(f)(2)(A) and (B) on the grounds that there is a serious risk that these two defendants will flee and also a serious risk that both of them will obstruct justice or attempt to obstruct justice.

Both defendants insisted on representing themselves throughout their initial appearances, including their preliminary hearings and their detention hearings.

---

[1] The criminal case in the United States District Court for the Southern District of Florida is case number 20-3050-MJ-OTAZO-REYES.

After conducting the appropriate inquiry, I concluded they both knowingly and voluntarily waived their rights to counsel and permitted each of them to represent themselves. Although an attorney was available to them on stand-by throughout both days of the hearings (and I repeatedly reminded them of counsel's availability for consultation), neither of the defendants availed themselves of that resource. Both defendants also refused to meet with the pretrial services officers to assist those officers with the preparation of bail reports.

I find that the credible evidence, the testimony, and information proffered by the government at the hearings establish, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure either of these defendants' presence as required, and, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, in that: (1) in a federal civil action pending in the United States District Court for the Southern District of Florida, an April 17, 2020 temporary restraining order and a May, 1, 2020 preliminary injunction prohibited the defendants and their co-defendants from marketing and distributing their "Miracle Mineral Solution" (MMS) but these two defendants have repeatedly, willfully, and proudly defied those orders by continuing to market and distribute MMS at least as recently as July 4, 2020; (2) MMS is a chemical solution containing sodium chlorite and water and, when injested as instructed by the defendants, it becomes the powerful bleaching agent chlorine dioxide; (3) the defendants market MMS as a cure-all that can treat, prevent, and cure a variety of ailments and have been most recently

marketing it as a cure for COVID-19; (4) the defendants repeatedly indicated during the hearings that they would continue to market and distribute MMS because MMS is their religious sacrament and they have a duty to distribute their religious sacrament; (5) 2019 revenue for MMS sales was approximately $32,000 per month but revenue increased to approximately $123,000 monthly starting in March 2020 due to the COVID-19 pandemic; (6) Jonathan Grenon manufactures MMS at his home in Bradenton, Florida; (7) Jordan Grenon acts as the customer service representative for any inquiries about MMS and helps process orders; (8) if adjudicated guilty, each of these defendants is facing a substantial possible prison sentence of 168-210 months; (9) their father (a co-defendant not yet in custody) owns a residential compound in Santa Marta, Colombia, and is currently at that compound with the brother (the fourth co-defendant); (10) both of these defendants have extensive histories of international travel (especially to the residential compound in Colombia) and Jonathan Grenon's significant other is from the Dominican Republic; (11) during the execution of a search warrant at Jonathan Grenon's residence on or about July 8, 2020, law enforcement discovered $40,000 in cash and $25,000 in gold and coins; and (12) also during the execution of the search warrant, law enforcement discovered multiple fully-loaded firearms at the residence (including one hidden in a violin case custom-made to hide the firearm). The defendants' self-serving statements that they now understand how serious these charges are and so now will abide by court orders were insufficient to persuade me that there were conditions available to reasonably assure the safety of any other person or the community and that the

defendants would appear as required.

It is therefore, **ORDERED:**

The government's oral motions for detention (Doc. 9) are **GRANTED.** The defendants' oral motions for Release (Doc. 10) are **DENIED**.

The defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  In the event that the defendants choose to no longer represent themselves, the defendants shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**ENTERED** in Tampa, Florida this 13th day of July, 2020.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge